**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | | |
|---|---|---|
| LORENA DELGADILLO RAMIREZ,<br>　　　　　　　*Plaintiff,* | ) )<br>) | Case No. __ 1:26-cv-1305 _____ |
| | ) | |
| v. | )<br>)<br>)<br>) | COMPLAINT UNDER THE<br>FREEDOM OF INFORMATION<br>ACT FOR DECLARATORY AND<br>INJUNCTIVE RELIEF |
| UNITED STATES CUSTOMS AND<br>BORDER PROTECTION<br>　　　　　　　*Defendant.* | )<br>)<br>) | |

## I. INTRODUCTION

Plaintiff Lorena Delgadillo Ramirez ("Plaintiff" or "Ms. Delgadillo Ramirez") submitted a

Freedom of Information Act ("FOIA") request to Defendant United States Customs and Border

Protection ("Defendant" or "CBP") on May 21, 2025, for records concerning her immigration

history. Defendant has failed to disclose the requested documents within the time prescribed by

FOIA. Therefore, Plaintiff now files this action for injunctive and other appropriate relief under

the Freedom of Information Act, 5 U.S.C. § 552.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 5 U.S.C. §§ 552(a)(4)(B),

   (6)(C)(i) and 28 U.S.C. § 1331.

2. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in

   this district.

### III. PARTIES

3. Plaintiff Lorena Delgadillo Ramirez submitted a FOIA request to United States Customs and Border Protection through her lawyers on May 21, 2025. She is a resident of Austin, Texas.

4. Defendant United States Customs and Border Protection is a component agency of the Department of Homeland Security ("DHS") and an agency of the United States under 5 U.S.C. § 552(f)(1). United States Customs and Border Protection has responsive records in its possession, custody, and control. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.

### IV. STATEMENT OF FACTS

5. On May 21, 2025, Plaintiff, through her lawyers, submitted a FOIA request for records relating to her immigration history; the request complied with FOIA requirements. *See* Ex. A, FOIA Request. To assist in the search, Plaintiff provided her full name, her alien number, her date of birth, the visa she used to entry to the United States, and her parents' names. *Id.*

6. On September 13, 2025, CBP responded, issuing no records, claiming that "we were unable to locate or identify any responsive records, based upon the information you provided in your request." *See* Ex. B, CBP's "No Records" Response.

7. On November 10, 2025, Plaintiff, through her lawyers, appealed the denial of her FOIA request. *See* Ex. C, First FOIA Appeal.

8. On January 26, 2026, CBP acknowledged the Plaintiff's appeal, stating that "FOIA Division did not conduct a sufficient search for records based on your submission. We therefore grant your appeal and remand your initial request, CBP-FO-2025-128526, to FOIA Division for processing." The appeal was assigned case number CBP-AP-2026-001619. *See* Ex. D, First FOIA Appeal Acknowledgement.

9. On January 26, 2026, Plaintiff, through her lawyers, again appealed the denial of her FOIA request. *See* Ex. E, Second FOIA Appeal.

10. On February 3, 2026, CBP responded, issuing no records, claiming that "we were unable to locate or identify any responsive records, based upon the information you provided in your request." *See* Ex. F, CBP's "No Records" Response- First FOIA Appeal.

11. As of May 15, 2026, no records have been released for the Plaintiff's initial request nor either appeal.

## V. CAUSES OF ACTION

### COUNT I: Violation of FOIA, 5 U.S.C. § 552(a)(3)(C)

### Failure to Conduct Adequate Search

12. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

13. Under the FOIA, agencies must respond to a FOIA request by making reasonable efforts to search for the records requested. 5 U.S.C. § 552(a)(3)(C).

14. Defendant CBP violated FOIA by failing to conduct a reasonable search for records responsive to Plaintiff's request.

**COUNT II: Violation of FOIA, 5 U.S.C. § 552(a)(4)(B)**

**Unlawful Withholding of Agency Records**

15. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

16. Agencies "shall make the records promptly available to any person" for "any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A).

17. Agencies may withhold records only under the specifically enumerated FOIA exemptions. 5 U.S.C. § 552(a)(4)(B).

18. Plaintiff duly submitted a request for non-exempt records under the FOIA on May 21, 2025, which Defendant acknowledged in writing. In her request she provided information that records existed, her full name, her date of birth, her parents' names and provided a copy of the visa she used at entry—going well beyond a reasonable description. However, on or about September 13, 2025, Defendant responded by saying that no such records were available.

19. Subsequently, on November 10, 2025, Plaintiff appealed Defendant's denial of her records request. On January 26, 2026, CBP acknowledged that their initial search was inadequate, but nonetheless on February 3, 2026, closed the request again, not providing responsive records, claiming to have conducted a reasonable search.

20. In the interim, the Plaintiff submitted a second appeal on January 26, 2026 which remains pending, with no records released.

21. CBP violated FOIA by unlawfully withholding records responsive to the Plaintiff's request other than those that FOIA has exempted.

**COUNT III: Violation of FOIA, 5 U.S.C. § 552(a)(3)(A)**

**Failure to Make Records Promptly Available**

22. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

23. CBP, as a federal executive branch agency, must promptly produce records responsive to a properly filed FOIA request. 5 U.S.C. § 552(a)(3). Plaintiff has a legal right to obtain such records, and no legal basis exists for CBP's failure to disclose them.

24. Because CBP has failed to disclose or produce non-exempt records responsive to Plaintiff's FOIA request, Defendant has violated of 5 U.S.C. § 552(a)(3).

## VI. REQUEST FOR RELIEF

For the above and foregoing reasons, Plaintiff respectfully request that this Court take the following actions:

1. Assume jurisdiction over the matter;

2. Order Defendant to issue determinations responsive to Plaintiff's request in accordance with 5 U.S.C. § 552(a)(6)(A)(i), (B)(i);

3. Order Defendant to conduct prompt and adequate searches for all records responsive to Plaintiff's request in accordance with 5 U.S.C. § 552(a)(3)(C);

4.  Enjoin Defendant from continuing to improperly withhold records responsive to the Plaintiff's request in accordance with 5 U.S.C. § 552(a)(3)(A);

5.  Order Defendant to produce, within twenty (20) days of the Court's order, or by such other date as the Court deems appropriate, all non-exempt records or portions of records responsive to Plaintiff's request and any agency justifications for withholding any responsive records;

6.  Award Plaintiff reasonable attorneys' fees and court costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

7.  Award Plaintiff such further relief as the Court deems just, equitable, and appropriate.

DATE: May 15, 2026.

Respectfully submitted,

BUZGOVA, MENESES & WELLINGTON SMITH, LLP
7201 Guadalupe St.
Austin, Texas 78752
Tel: (512) 476-7163
Fax: (844) 254-1044
Email: adriane@immigrationlawtx.com


By: __/s/ Adriane Meneses_____
    Adriane Meneses
    Texas Bar No. 24081368
    COUNSEL FOR PLAINTIFF